UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL NNAJI,

        Petitioner,        Case No. 04-74757
                                      Hon. Gerald E. Rosen

vs.

BRIAN MOSCOWITZ, District Director,
U.S. Immigration and Customs Enforcement, *et al.,*

        Respondents.
_____/

**OPINION AND ORDER DENYING
RESPONDENTS' MOTION TO DISMISS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    September 26, 2005

PRESENT: Honorable Gerald E. Rosen
                     United States District Judge

## I. INTRODUCTION

On December 6, 2004, Petitioner Emmanuel Nnaji filed a petition for a writ of habeas corpus, challenging the denial of his application for adjustment of status. In particular, Petitioner sought an adjustment to the status of lawful permanent resident, but he alleges that his application was denied on the erroneous ground that he was an "arriving alien" who was ineligible for such relief.

By order dated December 6, 2004, the Court stayed Petitioner's removal and directed Respondents to file a response to Petitioner's habeas petition. In lieu of a

response on the merits, Respondents filed a motion to dismiss, arguing that the Court lacks subject matter jurisdiction to review the denial of a discretionary adjustment of status.  Having reviewed Respondents' motion and Petitioner's response, the Court finds no such jurisdictional defect in the petition here, at least insofar as it challenges the legal determination that Petitioner was ineligible for an adjustment of status.  Accordingly, Respondents' motion must be denied.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Emmanuel Nnaji is a Nigerian citizen who last entered the United States in 1996.  He was placed in exclusion proceedings at that time, however, after it was determined that he had attempted to enter the country using his brother's passport.  Petitioner then sought asylum, but his application was denied by an immigration judge in November of 1996.  The Board of Immigration Appeals ("BIA") denied Petitioner's appeal on August 7, 1997, and he did not seek judicial review.  Thus, Petitioner was subject to a final order of removal, and he was placed under an order of supervision and directed to periodically report to federal immigration officials pending his removal.

While Petitioner was awaiting removal, he married a U.S. citizen in 1999 and became the father of twins in 2001.  As a result of this marriage, Petitioner became eligible for consideration for an adjustment of status, which would have enabled him to become a lawful permanent resident without the need to leave the United States during the processing period.  See 8 U.S.C. § 1255.  Petitioner applied for an adjustment of status in August of 2001, but this application was denied on November 18, 2004, on the

ground that he was ineligible for an adjustment of status as an "arriving alien" who was subject to removal proceedings.  (See Petition, Ex. C, 11/18/2004 Denial Decision.)

On November 15, 2004, just a few days before this unfavorable decision, Petitioner reported to the immigration authorities in accordance with his order of supervision and was taken into custody.  He has since filed a motion for reconsideration of the denial of his application for adjustment of status, but no decision has yet been forthcoming.  Upon learning on December 6, 2004 that he was being prepared for removal, Petitioner filed the present habeas petition, seeking a stay of his imminent removal and asserting that his application for adjustment of status was denied on an erroneous ground.

By order dated December 6, 2004, the Court stayed Petitioner's removal in order to preserve its jurisdiction while addressing the merits of his habeas petition.  Through their present motion, Respondents argue that the stay should be lifted and the petition dismissed for lack of subject matter jurisdiction.

### III.  ANALYSIS

Respondent's motion rests upon a straightforward premise, derived from the express language of a provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").  Specifically, this provision states that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title."  8 U.S.C. § 1252(a)(2)(B)(i).  As Petitioner's application for an adjustment of status sought relief pursuant to 8 U.S.C. § 1255, Respondents reason

3

that this Court lacks jurisdiction to review the denial of Petitioner's application for such relief.

While Respondents' argument has an undeniable appeal on its surface, it is foreclosed by binding Sixth Circuit precedent.  Specifically, in <u>Billeke-Tolosa v. Ashcroft</u>, 385 F.3d 708, 710 (6th Cir. 2004), the Court distinguished between the discretionary and non-discretionary aspects of a decision on an application for an adjustment of status, finding that "[a] prohibition against the review of a discretionary decision need not extend to non-discretionary decisions upon which the discretionary decision is based."  Thus, while the courts may not review the Attorney General's exercise of discretion in determining whether to grant an adjustment of status, they retain the jurisdiction to entertain claims of underlying legal error in the course of such a determination.  See <u>Billeke-Tolosa</u>, 385 F.3d at 711.  Indeed, in <u>Billeke-Tolosa</u>, the Court entertained precisely the sort of legal challenge advanced by Petitioner here — namely, that a denial of a request for an adjustment of status was contrary to a prior, binding decision of the BIA.  385 F.3d at 711-12.[1]

As noted by Petitioner, the distinction drawn by the Sixth Circuit has been recognized in several other Circuits as well.  In <u>Succar v. Ashcroft</u>, 394 F.3d 8 (1st Cir. 2005), for example, the First Circuit considered a challenge to a regulation under which

---

[1] Here, the petition alleges that the denial of Petitioner's request for an adjustment of status was contrary to the BIA's decision in <u>Matter of Castro</u>, 21 I. & N. Dec. 379 (1996).

the Attorney General deemed "arriving aliens" to be ineligible for adjustment of status.[2] The Court rejected the Attorney General's argument that judicial review was foreclosed under 8 U.S.C. § 1252(a)(2)(B), reasoning that the case did not involve a challenge to the Attorney General's discretionary judgment, but instead turned upon the "purely legal question" whether "the Attorney General's regulation [was] contrary to the statute." Succar, 394 F.3d at 19-20; see also Sepulveda v. Gonzales, 407 F.3d 59, 62-63 (2d Cir. 2005); Mireles-Valdez v. Ashcroft, 349 F.3d 213, 215-16 (5th Cir. 2003); Hernandez v. Ashcroft, 345 F.3d 824, 845-47 (9th Cir. 2003); Iddir v. INS, 301 F.3d 492, 496-98 (7th Cir. 2002).

The Court need not decide, at this juncture, whether the denial of Petitioner's application for an adjustment of status was contrary to binding BIA precedent. Nor does the Court definitively decide whether, in fact, this denial rested upon a purely legal determination of ineligibility, as opposed to a discretionary judgment that an adjustment of status was not appropriate in Petitioner's particular case. Rather, for purposes of resolving the present jurisdictional challenge, it is enough for the Court to conclude that Petitioner's claim for relief is based, at least in part, upon the contention that Respondents committed legal error in determining that he was ineligible for an adjustment of status. So construed, the petition states a claim for relief that lies within this Court's subject

---

[2] Notably, this same regulation, 8 C.F.R. § 245.1(c)(8), was cited in this case as the basis for denying Petitioner's application for an adjustment of status. Unlike the petitioner in Succar, however, Petitioner here does not challenge the validity of this regulation. Rather, he argues that he was erroneously classified as an "arriving alien," thereby triggering the application of a regulation which, in his view, should not have governed his request for an adjustment of status.

5

matter jurisdiction.

## IV.  **CONCLUSION**

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Respondents' January 4, 2005 Motion to Dismiss and to Vacate Stay of Removal is DENIED.  Accordingly, the Court's December 6, 2004 stay of removal remains in effect pending the final disposition of Petitioner's claim for relief, or pending further order of this Court.  IT IS FURTHER ORDERED that Respondents shall file and serve a response directed at the merits of the petition within *twenty-one (21) days* of the date of this Opinion and Order.


        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated:  September 26, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 26, 2005, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager